UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KOLOGIK CAPITAL, LLC,
    Plaintiff and
    Defendant-in-Counterclaim,

    v.                                                CIVIL ACTION NO.
                                                          18-11168-GAO

IN FORCE TECHNOLOGY, LLC,
BRANDON-COPSYNC LLC,
AND BRANDON D. FLANAGAN,
    Defendants and
    Plaintiffs-in-Counterclaim.

**MEMORANDUM AND ORDER RE:
PLAINTIFF'S MOTION FOR SANCTIONS FOR
SPOLIATION AND TO COMPEL
(DOCKET ENTRY # 90)**

**March 11, 2020**

**BOWLER, U.S.M.J.**

Pending before this court is a motion for sanctions and to compel documents filed by plaintiff Kologik Capital, LLC ("plaintiff"). (Docket Entry # 90). After conducting a hearing on March 6, 2020, this court took the motion under advisement.

<u>DISCUSSION</u>

The two-fold motion seeks to compel certain documents and requests sanctions due to a failure of defendants Brandon-COPsync LLC ("BCS") and Brandon D. Flanagan ("Flanagan") (collectively "defendants") "to preserve documents, including electronically stored information." (Docket Entry # 90). After discussions during a recess of the March 6, 2020 hearing, the parties resolved the aspect of the motion seeking to compel documents. In light of the parties' resolution, plaintiff agreed to withdraw

the portion of the motion seeking to compel documents (Docket Entry # 90) (Docket Entry # 91, pp. 24-25)[1] without prejudice. As stated in open court, plaintiff may renew the motion if the agreed-upon production is inadequate.

As to sanctions, on June 2, 2017, an attorney representing COPsync, Inc. ("COPsync") notified BCS President and Chief Executive Officer Flanagan that BCS was in default of a professional services agreement between Brandon Associates LLC and COPsync.[2] (Docket Entry ## 38-2, 38-4, 38-5, 38-7 to 38-9). Plaintiff represents that this notice of default resulted from BCS's alleged failure to remit payments from customers using COPsync services and products to COPsync. (Docket Entry # 91, p. 19) (describing June 2, 2017 notice as based "on the grounds that BCS failed to remit payments it collected from customers using the COPsync software"); (Docket Entry ## 38-8, 38-9) (citing section 3B(ii) of professional services agreement); (Docket Entry # 38-8). Although defendants dispute both the relevance of BCS's failure to remit payments collected from customers using COPsync software to the claims in this action (Docket Entry # 92, p. 9) and the allegation that BCS did not remit such payments (Docket

---

[1] Page numbers refer to the page number of the docketed filing in the upper right-hand corner of the filing.

[2] Brandon Associates LLC assigned its rights and responsibilities under the agreement to BCS. (Docket Entry # 38, ¶ 27) (Docket Entry # 57, ¶ 27).

Entry # 57, ¶¶ 92-93, 277-279, 291-294) (Docket Entry # 38, ¶¶ 92-93, 277-279, 291-294), defendants do not dispute or otherwise object to the above-noted characterization that the June 2, 2017 notice of default is grounded on BCS's alleged failure to remit customer payments to COPsync.  Accordingly and for purposes of the sanctions motion only, they waive the ability to dispute the accuracy of this characterization.  See Eldridge v. Gordon Bros. Grp., L.L.C., 863 F.3d 66, 84 (1st Cir. 2017); Curet-Velázquez v. ACEMLA de Puerto Rico, Inc., 656 F.3d 47, 54 (1st Cir. 2011).  Based on the record and in light of the notice of default, this court concludes that BCS as well as Flanagan reasonably anticipated this litigation involving, inter alia, conversion and unjust enrichment claims based on the failure to remit payments from customers using COPsync software (Docket Entry # 38, ¶¶ 276-279, 290-294).  See Ortiz v. City of Worcester, No. 4:15-CV-40037-TSH, 2017 WL 2294285, at *2 (D. Mass. May 25, 2017) (duty to preserve arises when complaint filed "or litigation reasonably should be anticipated"); Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment (Fed. R. Civ. P. 37(e) is based on common law "duty to preserve relevant information when litigation is reasonably foreseeable" and "applies only if the lost information should have been preserved in the anticipation . . . of litigation").

    On June 30, 2017, BCS was dissolved (Docket Entry # 91-20)

but continued to do business (Docket Entry ## 91-21, 91-22) (Docket Entry # 91-2, ¶ 33). On September 29, 2017, COPsync filed for bankruptcy and plaintiff agreed to purchase COPsync's assets. See In re COPsync, Inc., Case No. 17-12625 (Bankr. E.D. La. Sept. 29, 2017) (Docket Entry ## 1, 125-1). On November 21, 2017, the bankruptcy court approved the purchase agreement. See In re COPsync, Inc., Case No. 17-12625 (Bankr. E.D. La. Nov. 21, 2017) (Docket Entry ## 125, 125-1).

As indicated above, plaintiff seeks sanctions solely under Fed. R. Civ. P. 37(e)(1) ("Rule 37(e)(1)"), which applies to "electronically stored information." Fed. R. Civ. P. 37(e); (Docket Entry # 90) (citing and relying on Rule 37(e)(1)); (Docket Entry # 96, p. 1) (plaintiff "currently seeks sanctions under FRCP 37(e)(1), not 37(e)(2)") (emphasis and capitalization omitted). For reasons explained by plaintiff (Docket Entry # 91), defendants did not preserve relevant documents consisting of lost electronically stored information that was formerly in defendants' possession, custody, or control. See Ortiz, 2017 WL 2294285, at *2 ("'litigant is under a duty to preserve what it knows, or reasonably should know, is relevant in the action'") (ellipses and citations omitted); id. ("'fundamental factor is that the document, or other potential objects of evidence, must be in the party's possession, custody, or control for any duty to preserve to attach'") (internal citations omitted).

Additionally, in late September and October, defendants' counsel stated that everything had been produced thereby essentially denying the ability to restore the information.[3]  (Docket Entry # 91-2, ¶¶ 18, 21, 23).  Subsequent efforts by plaintiff in issuing third-party subpoenas directly to customers, however, uncovered emails between defendants and their customers that were formerly in defendants' possession, custody, or control.  (Docket Entry # 91-2, ¶¶ 23, 27, 36, 37).  Under the language of the former Rule 37(e) and "the current rule, the routine, good-faith operation of an electronic information system" is "a relevant factor for the court to consider in evaluating whether a party failed to take reasonable steps to preserve lost information."  Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.  The circumstances do not support a good-faith operation.  Overall and in light of the waiver,[4] plaintiff sufficiently establishes the requisite requirements to obtain sanctions under Rule 37(e)(1), including defendants' failure to take reasonable steps to preserve electronically stored communications with third-party customers purportedly using COPsync software.  See Postle v. SilkRoad Tech., Inc., No. 18-CV-224-JL, 2019 WL 692944, at *3

---

[3]  Defendants waive an argument that Rule 37(e) does not apply because the information can be restored or replaced through discovery.  See Eldridge, 863 F.3d at 84; Curet-Velázquez, 656 F.3d at 54.

[4]  See footnote three.

5

(D.N.H. Feb. 19, 2019) (setting out threshold requirements to impose sanctions under Rule 37(e)).

Defendants' merits-based arguments, including the assertion that the professional services agreement was never terminated even though BCS admits the contrary (Docket Entry # 96-1), do not obviate the requirement to preserve discovery materials, as aptly reasoned by plaintiff (Docket Entry # 96, p. 3).  Citing a case predating the 2015 amendment to Rule 37(e), Gordon v. DreamWorks Animation SKG, Inc., 935 F. Supp. 2d 306, 313 (D. Mass. 2013) (spoliation "requires finding four elements," including "intent to destroy the evidence"), defendants further argue that spoliation requires that they acted with the "intent to destroy evidence."  (Docket Entry # 92, pp. 6-7).  The plain language of Rule 37(e), however, does not require a showing of intent except with respect to the choice of certain severe sanctions listed in Rule 37(e)(2).  In addition, the inclusion of the "intent to destroy evidence" language defendants suggest as a required element to impose sanctions under Rule 37(e) would render the similar language in Rule 37(e)(2), i.e., the "intent to deprive another" party's use of the lost information, largely superfluous.  See Duncan v. Walker, 533 U.S. 167, 174 (2001) ("statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant") (internal quotations marks

omitted); Liberty Cablevision of P.R., Inc. v. Municipality Of Caguas, 417 F.3d 216, 223 (1st Cir. 2005).  Similarly, importing an intent-to-destroy-evidence requirement into Rule 37(e)(1) contravenes the accepted statutory construction principle that inclusion of language in one section of a statute, i.e., Rule 37(e)(2) ("intent to deprive another party of the [electronically stored] information's use"), and the exclusion of such language in another section, i.e., Rule 37(e)(1), evidences the legislature's intention to exclude the language in that latter section.  See Russello v. United States, 464 U.S. 16, 23 (1983) ("'[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'") (internal citation omitted); accord United States ex rel. Heineman-Guta v. Guidant Corp., 718 F.3d 28, 35 (1st Cir. 2013).  Finally, the case defendants rely upon, Gordon, 935 F. Supp. 2d at 313, did not apply the amended Rule 37(e), and cases cited in the Gordon decision involve the application of spoliation sanctions under the court's inherent power.  See Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 28 (1st Cir. 1998) (examining court's "'inherent power to exclude evidence that has been improperly altered or damaged by a party'") (internal citation omitted); Citizens for Consume v. Abbott Labs., Civil Action No. 01-12257-PBS, 2007 WL 7293758, at *5 (D. Mass. Mar. 26, 2007) (setting out

elements, including "an intent to destroy the evidence," to impose sanctions for spoliation under court's inherent powers); McGuire v. Acufex Microsurgical, Inc., 175 F.R.D. 149, 153 (D. Mass. 1997) (imposing "sanctions under the court's inherent powers") (capitalization and emphasis omitted); Townsend v. Am. Insulated Panel Co., 174 F.R.D. 1, 4 (D. Mass. 1997).  Finally, the advisory committee note distinguishes the "[n]ew Rule 37(e)" from independent tort claims for spoliation.  Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

Inasmuch as sanctions are warranted under Rule 37(e)(1), the issue reduces to what sanctions or measures to impose.  "Where electronically-stored information is lost due to the negligence or gross negligence of a party, amended Rule 37(e)(1) permits only the imposition of sanctions that are 'no greater than necessary to cure the prejudice.'"  Hefter Impact Techs., LLC v. Sport Maska, Inc., Civil Action No. 15-13290-FDS, 2017 WL 3317413, at *6 n.3 (D. Mass. Aug. 3, 2017).  The choice of which measures to employ takes into account the "importance of the information of the lost information to claims and defenses in the litigation."  Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.  The prejudice to plaintiff includes (but is not limited to) engaging in "months of fact discovery trying to recover" documents defendants failed to preserve, preparing for depositions without electronically stored documents, and loss of

goodwill with plaintiff's "current and potential customers who are being pulled into this litigation." (Docket Entry # 91, p. 22). In accordance with Rule 37(e)(1), which limits "measures [to] no greater than necessary to cure the prejudice" and applies only to "electronically stored information," Fed. R. Civ. P. 37(e), this court finds the following sanctions requested by plaintiff appropriate: (1) defendants are directed to "take responsibility for recovering additional lost or destroyed [electronically stored] documents that should have been preserved" with respect to third-party customer communications after June 2, 2017;[5] and (2) they "waive objections as to authenticity and business record status for Defendants' [electronically stored] communications with third parties recovered through subpoenas." (Docket Entry # 90, p. 1).

The requested monetary sanctions are denied without prejudice to be renewed at the conclusion of the case. The request for a jury instruction or allowing plaintiff to present evidence about the destruction at trial is reserved for the trial judge.

## CONCLUSION

---

[5] The above-noted electronically stored information of third-party customer communications is highly relevant and significant to the conversion and unjust enrichment claims. See Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment ("efforts to restore or replace lost information through discovery should be proportional to the apparent importance of the lost information to claims or defenses in the litigation").

9

The motion for sanctions and to compel (Docket Entry # 90) is **ALLOWED** in part and **DENIED** in part as to the portion of the motion seeking sanctions.  The portion of the motion seeking to compel documents (Docket Entry # 90) is **WITHDRAWN** without prejudice to be renewed if production is inadequate.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge