**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KOLOGIK CAPITAL, LLC,<br><br>          Plaintiff/Counterclaim-<br>          Defendant,<br><br>    v.<br><br>IN FORCE TECHNOLOGY, LLC,<br>BRANDON-COPSYNC LLC,<br>AND BRANDON D. FLANAGAN,<br><br>          Defendants/<br>          Counterclaim-Plaintiffs. | Civil Action No. 18-cv-11168-GAO |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR SANCTIONS</u>**

This week, Defendants began their latest round of the game that, for over a year, has kept Kologik from obtaining any reasonable discovery. The game is simple: as a deadline for producing discovery approaches, Defendants In Force Technology, LLC ("IFT"), Brandon COPSync, LLC ("BCS") and Brandon Flanagan ("Flanagan") (collectively, "Defendants") stop working with (and stop paying) their counsel of record. The discovery deadline passes and nothing is produced. Ultimately, that counsel seeks to withdraw from the matter. The Court gives Defendants time to find new counsel, during which time nothing is produced. Eventually Defendants find new counsel. That counsel needs several months to "get up to speed" on the case, during which time nothing is produced. Finally, the new counsel starts to confer with Kologik. Just when Kologik thinks it may actually get some discovery, Defendants have a "breakdown" with their new counsel. And the game begins another round.

Defendants have now played this game ***three times*** in the fourteen months since the Court issued its March 11, 2020 Order issuing sanctions (Dkt. 103, "March 11, 2020 Order"). The most recent round began at the April 12, 2021 hearing ("April 12 Hearing"), when Defendants promised to complete document production within 30 days, *i.e.*, by May 12, 2021. On that basis, the Court found Kologik's December 2, 2020 Motion for Injunction (Dkt. 128) moot, without prejudice to renew. Ex. A, Transcript of April 12, 2021 Hearing ("April 12 Hearing Tr."), at 8-10.[1]

The May 12 deadline came and went; Defendants produced nothing. Kologik tried to confer with counsel of record for the Defendants—and was ignored. When Kologik was able to speak with Defendants' current counsel of record, it was told, for the third time in fourteen months, that there had been a "breakdown" between Defendants and their counsel. As a result, Defendants' counsel of record could not confer with Kologik on Defendants' production or the instant motion. It is not difficult to predict what will happen next: another motion to withdraw, time to find new counsel, time to "get up to speed," another withdrawal.

Defendants have produced nothing at all since the April 12 Hearing. Why would they? The game has worked so far. Eventually, however, the game has to stop. Another federal court, for example, held in 2020—after Defendant BCS avoided discovery by switching counsel several times—"[t]he court has lost patience and will not allow [Defendant BCS] to continue to thwart the orderly process of this case to trial." May 6, 2020 Order, *In Re: COPsync, Inc.*, 19-01004, Dkt. 106, at 3-4 (attached as Ex. B).

Kologik respectfully requests that the Court end this game now and sanction Defendants for failure to comply with their discovery obligations, including but not limited to, issuing all sanctions available under Federal Rule of Civil Procedure 37. In the instant motion, Kologik also

---

[1] "Ex." refers to exhibits to the Declaration of Alexander T. Hornat, filed herewith.

2

renews its Motion for Injunctive Relief (Dkt. 128), which the Court denied as moot in light of Defendants' (unfulfilled) promise to complete its production within 30 days, *i.e.*, by May 12, 2021 (Ex. A, Apr. 12, 2021 Hearing Tr., at 8-10).

In the alternative, in the event the Court declines to issue sanctions at this time against Defendants for their continued failure to comply with orders, agreements, and other discovery obligations, Kologik respectfully requests the Court issue an order compelling Defendants to complete document production within fourteen days and, if Defendants fail to comply with such order compelling production, to issues sanctions against Defendants under Federal Rule of Civil Procedure 37(b), including but not limited to attorneys' fees and default judgment against all Defendants.

## I.     BACKGROUND

A. Defendants' History of Changing Counsel to Prevent Discovery

The Court outlined Defendants' counsels' various appearances and withdrawals in its April 20, 2021 Report and Recommendation.  Dkt. 155 at 5-7.  Defendants are currently on their fourth law firm in this case and, presumably, will now be looking for a fifth.

Since the Court issued its March 11, 2020 Order granting sanctions against Defendants, the Defendants have produced a total of ***four*** documents, none of which were the subject of the Court's March 11, 2020 Order.   *See* detailed discussion in Dkt. 114, Motion for Sanctions, at 1, 5; Dkt. 129, Motion for Injunction, at 2; Dkt. 156, Obj. to Report and Recommendation, at 7 & n.3.  Further, Defendants have failed to recover and produce third party customer communications that Defendants BCS and Flanagan improperly lost or destroyed, despite an order to do so.  *See* detailed discussion at *id.*  For the reasons set forth in various briefing, including Kologik's December 2, 2020 Motion for Injunction, documents that Defendants may have been able to

recover, had they acted promptly when the Court ordered them to do so in March of 2020, are likely now lost. *See* discussion at, *e.g.*, Dkt. 129 at 8.

In the last fourteen months, Defendants have had three separate "breakdowns" with their counsel, always conveniently timed. First, the Court issued the March 11, 2020 Order, requiring Defendants to "take responsibility for recovering" certain third party communications that Defendants had failed to preserve. Dkt. 103. Kologik was hopeful that Defendants would finally obtain customer communications that they failed to preserve—and that Kologik had already spent significant time and money trying to recover. *See* Dkt. 155, Report and Recommendation, at 20.

On March 30, 2020, just two weeks after the Court ordered Defendants to take responsibility for recovering the documents they failed to preserve, Chavous IP Law ("Chavous"), Defendants' then-counsel, moved to withdraw. Dkt. 106. As the Court stated, in support of its motion to withdraw, Chavous "explain[ed] defendants' demand that [Chavous] immediately 'withdraw as counsel' and 'cease all communications and representations' <u>thereby precluding</u> <u>[Chavous'] ability to comply with the March [11, 2020] Order</u>." Dkt. 155, Report and Recommendation, at 6 (emphasis added).

On April 1, the Court allowed Chavous IP Law to withdraw. A new firm, Sunstein LLP ("Sunstein"), appeared as counsel of record for Defendants on April 23, 2021, but took time to obtain the case file and records and get up to speed with the case. *See, e.g.*, Dkt. 116, Opp. to Motion for Contempt, at 2-3. Eventually, the parties conferred and Kologik filed a Motion for Contempt on July 14, 2020 (Dkt. 113, 114).

While the parties were awaiting the Court's decision on the Motion for Contempt, Sunstein moved to withdraw on September 18, 2020. Dkt. 124. Sunstein explained to the Court that it needed to withdraw because Defendants had failed to pay and also "in view of a significant

4

breakdown in the attorney-client relationship and communication that prevents Sunstein from being able to represent IFT effectively moving forward." *Id.* This time the Court would only grant the motion to withdraw once Defendants found new counsel and stayed deadlines "for 30 days to permit the defendants to retain successor counsel." Oct. 7, 2020 Order, Dkt. 125. Defendants did not find successor counsel within 30 days.

Three months after Sunstein moved to withdraw, on December 18, 2020, Defendants' current counsel of record, Sheehan, Phinney, Bass, & Green, P.A. ("Sheehan") appeared. Dkt. 134-137. As Sheehan explained to the Court, another four months after it appeared, Sheehan was still obtaining records from Sunstein and could not confirm whether Defendants' document production was complete. *See* Ex. A, Apr. 12, 2021 Tr., at 6:5-12. It is difficult to imagine that Defendants' document production could have been complete; since the March 11, 2020 Order, Defendants had produced a total of four documents, and produced no documents subject to the March 11, 2020 Order.

During the April 12, 2021 Hearing, Kologik had some hope that all this would change when Defendants' current counsel of record agreed to a 30-day deadline:

> MR. LUCIC: … I can't represent to you that our document production is complete because I, quite frankly, don't know exactly how prior counsel completed the document review and what they did to do that. We are in the process of figuring that out, but we will do that promptly.
>
> THE COURT: Can you give me a deadline?
>
> MR. LUCIC: **We certainly can do it within the next 30 days**, your Honor.
>
> …
>
> THE COURT: Well, clearly, under Federal Rule of Civil Procedure 26, there is already an obligation on the defendants to preserve evidence as it relates to the case, so it would seem to me if **the defendants say they will try and produce everything within 30 days**, that Ms. Proctor, this motion is really moot at this point in time.

5

> MS. PROCTOR: Thank you, your Honor, I think I agree with you, particularly since counsel has now for the first time said that **they'll produce the documents within 30 days**. . . .

Ex. A, April 12, 2021 Transcript, at 6-9 (emphases added).  The deadline came and went and Defendants produced nothing.  Declaration of Alexander Hornat ("Hornat Decl.") at ¶ 3.  Kologik contacted Defendants' counsel-of-record several times after the May 12 deadline passed, and were ignored.  *Id.* at ¶¶ 4-6.   After Defendants filed their objections to Kologik's Objections to Report and Recommendations, Defendants' counsel agreed to speak with Kologik on May 19.  *Id.* at ¶¶ 7-8.

On that May 19, 2021 call, Defendants' current counsel made a now all-too-familiar representation:  there had been a "breakdown" between Defendants and their attorneys.  *Id.* at ¶ 9.  As a result, Defendants' current counsel said they were unable to confer with Kologik on Defendants' discovery failures or on the instant motion.  *Id.*   By email dated May 21, 2021, Defendants' counsel of record confirmed they will likely file a motion to withdraw on the next business day.  *Id.* at ¶10.

B.  Defendants Played the Same Game in Louisiana Federal Court

This is not the first time Defendants have tried to use a "breakdown" with their counsel to avoid discovery.  For example, in a bankruptcy litigation involving Defendants Brandon Flanagan ("Flanagan") and Brandon-COPsync, LLC ("BCS"), a judge in the Eastern District of Louisiana recently held:

> Thus, once again, the court is faced with an unrepresented LLC [Defendant BCS].  The defendants [Defendants BCS and Flanagan, and Flanagan's father, Donald Flanagan] have communicated to the court that they are attempting to find a third set of counsel to enroll on their behalf.  In the meantime, on April 24, 2020 counsel for the Trustee had to file yet another motion to compel the production of documents … **The court has lost patience and will not allow the LLC [Defendant BCS] to continue to thwart the orderly process of this case to trial**.

6

Ex. B, May 6, 2020 Order, *In Re: COPsync, Inc.*, 19-01004, Dkt. 106, at 3-4.  In light of Defendant BCS's stalling tactics, the Eastern District of Louisiana entered a $700,000 judgment on the pleadings against Defendant BCS.  *Id.* at 4.  There, the Court shut down Defendants' game after two rounds.  Here, Defendants have already successfully played two rounds in little over a year and are going for a third.

    C. <u>Despite Their Various Excuses, Defendants Have Been Active in Conducting Business and Raising Money</u>

Defendants have offered many excuses over the years for their failure to comply with discovery responses, both economic and personal.  Such issues, however, have not prevented Defendants from conducting their business, raising money, or engaging in other legal matters.  As but one example, in early 2021, Defendants IFT and Flanagan, along with Flanagan's father, Donald Flanagan, launched a crowdfunding campaign, which ended on May 1, 2021.  *See, e.g.*, Ex. C, May 21, 2021 print out from https://www.startengine.com/in-force#.  As part of this campaign, a "valuation" of "$12M" for IFT was presented to prospective investors, and Defendant Flanagan frequently responded to potential investors' questions and boasted of the success of Defendant IFT.  *Id.* at 1, 28-29.  Also as part of this campaign, Defendant Flanagan and IFT were required to, and did, submit formal filings to the Securities and Exchange Commission and engaged in other legal matters.  *Id.*

**II.    ARGUMENT**

A. <u>Defendants Should be Sanctioned For Their Improper Litigation Tactics and Failure to Comply with Discovery Obligations</u>

Defendants have failed to produce *any* meaningful discovery in this case for well over a year.  Each time a deadline approaches, or when it appears Defendants' counsel is about to agree to produce discovery, Defendants' relationship with that counsel suffers a "breakdown" and months pass before new counsel has appeared and has "gotten up to speed" sufficiently to litigate

7

this matter. Then, Defendants have another "breakdown" with counsel, and the cycle begins again. These antics have already delayed this case for over a year. While changing law firms is, of course, sometimes a necessary and legitimate step, the record shows that these defendants are manipulating the rules—and the Court's natural inclination to allow corporate litigants time to find counsel, rather than default—to avoid producing anything.

The issue is particularly troubling here, where, as Kologik has repeatedly explained to the Court, the key documents have likely been destroyed. While Defendants have only admitted to the destruction of BCS documents so far, their failure to either (1) complete IFT's document production or (2) confirm the IFT production is already complete has effectively prevented Kologik from moving for sanctions on IFT's suspected destruction of documents. Defendants have made it impossible for Kologik to know if IFT's documents, too, have been destroyed, or if they are only being improperly withheld from discovery. Defendants promised to complete that production—or confirm that it was already finished—by May 12, 2021. Once again, Defendants have failed to do so.

At this stage, it should not really matter *why* Defendants have failed to comply with the Court's orders and their discovery obligations. Defendants consistently refuse to comply with their discovery obligations and should be sanctioned accordingly. This is particularly true here, where many relevant documents were once in the possession of third parties, but are now likely to be deleted and lost forever. *See* discussion in Dkt. 114, Motion for Contempt, at 9; Dkt. 129, Motion for Injunctive Relief, at 8; Ex. A, Apr. 12, 2021 Tr., at 13:11-14:16; Dkt. 156, Obj. to Rep. and Recommendation, at 3. If this evidence, as Kologik fears, has been deleted by these third parties—who have no obligation to retain any of these documents—then Defendants may have succeeded in their scheme to eliminate the evidence Kologik needs to prove its case. This cannot

be permitted.  Defendants should be sanctioned for their failure to comply with their discovery obligations and should not be permitted to continue playing this game of having "breakdowns" with counsel whenever discovery deadlines are near.

### B.   Appropriate Sanctions Include Monetary Sanctions and Default Judgment

Federal Rule of Civil Procedure 37 allows the Court to issue broad sanctions for failure to comply with discovery obligations.  For example, "[i]f a party fails to provide information or identify a witness as required by Rule 26 (a) and (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).  Further, in addition to or instead of this sanction, on motion and after an opportunity to be heard, the Court may order payment of reasonable expenses, including attorney's fees, caused by the failure; inform the jury of the party's failure; direct the matters covered by the order, or other facts, to be taken as established for purposes of the action; strike pleadings in whole or in part; and "render[] a default judgment against the disobedient party."  Fed. R. Civ. P. 37(c)(1)(A)-(C).

Here, Defendants produced some discovery, but have failed both to disclose substantial materials and to supplement their previous discovery responses.   For example, in their interrogatory responses, Defendants IFT and Flanagan each stated that it "will produce all non-privileged, non-attorney work product documents within its custody and control" concerning various topics, but have failed to do so, despite Rule 26(e)'s supplementation requirement.  *See, e.g.*, Ex. D, Defendants' May 13, 2019 Interrogatory Responses; Fed. R. Civ. P. 26(e) ("A party who has made disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that the disclosure or response is incomplete . . . .").  Here,

9

Defendants' document production is incomplete, either because Defendants are improperly withholding the documents, or because the documents no longer exist and all three Defendants are subject to sanctions for failure to preserve evidence, including sanctions pursuant to Federal Rule of Civil Procedure 37(e). Either way, Defendants' conduct is sanctionable. Defendants cannot be permitted to continue using "breakdowns" with their counsel to prevent Kologik from knowing which is the case.

Nothing justifies Defendants' continued failure to produce evidence, including supplementing its discovery responses agreeing to do so. While Defendants have offered a number of reasons over the past year why they have not complied, such reasons have not prevented Defendant Flanagan and IFT from conducting business, raising money, and engaging in various other legal matters. *See, e.g.*, Ex. C.

In addition to violating their basic discovery obligations, Defendants have failed to comply with the Court's orders and Defendants' own agreements with the Court. Federal Rule of Civil Procedure 37(b) identifies several appropriate sanctions for failure to comply with a court order, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). Here, Defendants have still not complied with the Court's March 11, 2020 Order. Although this Court recommended that Defendants not be ordered to appear before the district judge to show cause (Dkt. 155), the Court has never relieved Defendants of their obligation to comply with the March 11, 2020 Order. Yet Defendants *still* have not produced a single document "recovered" pursuant to the March 11, 2020 Order. Defendants' current counsel's recent revelation of a "breakdown" ensures that, unless the Court holds Defendants to account now, Defendants will be able to ignore the March 11, 2020 Order for many more months, while current counsel withdraws, new counsel is found, new counsel "gets up to speed," there is another "breakdown" between

10

Defendants and counsel, and the whole process begins again.  As Kologik has explained to the Court in detail, and as Defendants know full well, to the extent any relevant documents still remain in the custody of third parties today, more will be lost the longer Defendants continue to manipulate their attorneys and the Court.

Finally, Defendants have violated their own agreement, made during the April 12, 2021 Hearing, to complete production within thirty days, *i.e.*, by May 12, 2021.  Ex. A, Apr. 12, 2021 Tr., at 6-9.  On the basis of this agreement, the Court denied Kologik's Motion for Injunction as moot.  *See id.*  Kologik notes that Defendants' alleged "breakdown" with their counsel must have occurred sometime between April 12, when the agreement was made on the record, and May 12, the deadline for fulfilling that agreement.  In light of Defendants' well-documented pattern of delaying discovery through "breakdowns" with their counsel of record, both in this case and in at least one other federal litigation of which Kologik is aware, Defendants cannot be permitted to manipulate the Court into delaying discovery once again—and multiplying the costs and other prejudice to Kologik—through this latest conveniently-timed "breakdown."

Defendants' conduct opens up a wide range of available sanctions, in particular pursuant to Federal Rule of Civil Procedure 37.  Kologik believes that the Court should, among any other sanctions deemed appropriate by the Court, (1) prevent Defendants from avoiding their discovery obligations and delaying discovery as a result of the latest alleged "breakdown" with their attorneys; (2) order Defendants to pay monetary sanctions to compensate Kologik for its substantial fees and costs incurred trying to obtain discovery from Defendants and from third parties, including but not limited to filing this motion for sanctions; and (3) enter default judgment against all Defendants as a sanction for failure to comply with discovery obligations under Federal

Rule of Civil Procedure 26(a) and (e), for failure to comply with the Court's March 11, 2020 Order, and for violating their own agreement to complete document production by May 12, 2021.

### III.    CONCLUSION

For the foregoing reasons, and those set forth in Kologik's Motion for Injunction (Dkt. 128), Defendants should be sanctioned for their continued and consistent failure to comply with their discovery obligations, including producing documents, supplementing discovery responses, fulfilling their promise to the Court to complete document production by May 12, 2021, and their failure to comply with the Court's March 11, 2020 Order.  Kologik seeks all appropriate and permitted sanctions, including but not limited to (1) preventing Defendants from avoiding discovery obligations, and failure to comply with those obligations, on the basis of its latest alleged "breakdown" with its current counsel; (2) monetary sanctions to compensate Kologik for its attorneys' fees and other costs associated with trying to obtain discovery from Defendants, including filing this motion, (3) and entering default judgment against each Defendant.

In the alternative, in the event the Court declines to issue sanctions against the Defendants for their continued failure to comply with their discovery obligations, this Court's orders, and Defendants' own agreements, Kologik respectfully requests an order compelling Defendants to complete their document production in no more than fourteen days and, upon failure to comply with such order compelling production, to sanction Defendants under Federal Rule of Civil Procedure 37(b), including but not limited to attorneys' fees and a default judgment against all Defendants.

ME1 36592812v.1

Dated: May 21, 2021

Respectfully submitted,
KOLOGIK CAPITAL, LLC,

By its attorney,

Wyley S. Proctor

/s/ Wyley S. Proctor
Wyley S. Proctor (BBO # 666613)
wproctor@mccarter.com
Alexander T. Hornat (BBO # 687588)
ahornat@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
T: (617) 449-6500
F: (617) 607-9200

ME1 36592812v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system, on the above date, will be sent electronically to all attorneys of record as identified on the Notice of Electronic Filing (NEF).

*/s/ Alexander T. Hornat*
Alexander T. Hornat

14