**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

KOLOGIK CAPITAL, LLC,

          Plaintiff/Counterclaim-
          Defendant,

    v.

IN FORCE TECHNOLOGY, LLC,
BRANDON-COPSYNC LLC,
AND BRANDON D. FLANAGAN,

          Defendants/
          Counterclaim-Plaintiffs.

Civil Action No. 18-cv-11168-GAO

LEAVE TO FILE GRANTED ON
JANUARY 12, 2022 (DKT. 200)

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

Plaintiff Kologik Capital, LLC submits this supplemental brief in support of its Motion for Sanctions (Dkt. 160) in order to alert the Court to revelations made during, and immediately after, a hearing held by Judge O'Toole in this matter on July 14, 2021 that are highly relevant to Kologik's pending Motion for Sanctions.

### A. Defendants' Counsel Has "All of IFT's Documents," But Refuses To Produce Them To Kologik

First, during the July 14, 2021 hearing, counsel for Defendants revealed—for the first time—that the law firm has in its possession "all of IFT's documents," the production of which Kologik has been seeking for several years.[1]  Defendants' counsel told Judge O'Toole that the law firm "has gathered ... all of IFT's documents. We have them all in relativity. They're all together."

---

[1] This is a separate issue from Defendants' failure to preserve the documents of another defendant, Brandon-COPsync ("BCS").  As Defendants admitted to Judge O'Toole, no Defendants have any remaining BCS documents in their possession, custody, or control.  *See, e.g.*, Ex. A. July 14, 2021 Hearing Transcript, at 31:10-12.

Transcript of July 14 Hearing, Exhibit A to Declaration of Alexander Hornat, filed herewith, at 24:7-9; *see also id.* at 27:7-8 (the firm "ha[s] IFT's entire file in the Sheehan Phinney computer box … It's all there."); 39:14-40:1 ("We undertook ourselves to go to IFT and gathered all of IFT's documents. And those reside in the servers at Sheehan Phinney Bass + Green now.").

Yet, as counsel freely admitted to Judge O'Toole, these IFT documents are being withheld from Kologik due to a financial dispute between the firm and the Defendants. *Id.* at 40:4-22; *see also* 25:15-19. Judge O'Toole refused to allow Defendants' current counsel to withdraw until new counsel appears. July 14 Transcript at 47:17-19. Although Defendants' current counsel, which has moved to withdraw, told the Court that new counsel would appear by the end of the week, *i.e.* July 16, this has not happened. *Id.* at 47:20-22. Instead, Defendants' current counsel has filed motions stating that the new counsel has now refused to appear for Defendants. Dkts. 173, 174. If the docket in this case is any indication, it could be months before new counsel appears, if ever. Defendants cannot simply refuse to participate in discovery because, for the third time since March 2020, they have conveniently stopped paying their lawyers.

## B. Defendants Have Search Terms for Kologik's Documents, as Agreed-Upon by the Parties, But Refuses to Send Those Search Terms to Kologik

In addition to withholding their own documents, Defendants are making it impossible for Kologik to complete its own production in response to Defendants' discovery requests. As background, three law firms ago, Defendants served seventeen requests for production of documents on Kologik on January 16, 2020. After Kologik sought to meet and confer successively with three different law firms on the scope of those requests, Defendants' current counsel withdrew those requests and propounded 162 completely new requests on January 26, 2021. Dkt. 163-1, Hornat Decl. at ¶ 4. Again, Kologik attempted to work with Defendants to narrow the scope of these new requests, including through negotiation of mutually agreed-upon search terms, a process

2

to which Defendants agreed.  Ex. B.  As agreed, Kologik provided proposed search terms on March 26, 2021 and waited for Defendants' own proposed terms.  They never came.  Hornat Decl. at ¶ 6; Dkt. 163-1, Hornat Decl. at ¶¶ 5-7.

Immediately after the July 14 hearing, Kologik's counsel inquired when Kologik could expect the long-awaited search terms.  Hornat Decl. at ¶ 2.  Defendants' counsel admitted that, while he has a list of proposed search terms, he would not provide them to Kologik because of the ongoing financial dispute with Defendants.  Hornat Decl. at ¶ 3. Defendants' current counsel has repeatedly stated that they cannot even confer with Kologik on discovery issues.  *See, e.g.*, Hornat Decl. at ¶ 3.

Fact discovery is currently scheduled to close on September 12, 2021. *See* Dkt. 43-1 (fact discovery to close "60 days after claim construction decision"); Dkt. 172 (adopting Report and Recommendation regarding claim construction as of July 14, 2021).[2]  Defendants' refusal to participate in discovery—even refusing to send a simple email that would allow Kologik to complete the parties' agreed-upon search term process—has once again successfully stalled this litigation.

### C.  Conclusion

For these and for the reason set forth in support of Kologik's Motion for Sanctions (Dkt. 161), Kologik respectfully requests the Court grant the relief sought in Kologik's Motion for Sanctions (Dkt. 160).

---

[2] Kologik reserves the right to seek a unilateral extension of the fact discovery period in light of Defendants' frequent failures to comply with discovery obligations.

3

Dated: January 12, 2022          Respectfully submitted,
KOLOGIK CAPITAL, LLC,

By its attorney,

Wyley S. Proctor

*/s/ Wyley S. Proctor*
Wyley S. Proctor (BBO # 666613)
wproctor@mccarter.com
Alexander T. Hornat (BBO # 687588)
ahornat@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
T: (617) 449-6500
F: (617) 607-9200

## CERTIFICATE OF SERVICE

       I hereby certify that this document filed through the ECF system, on the above date, will be sent electronically to all attorneys of record as identified on the Notice of Electronic Filing (NEF).

*/s/ Alexander T. Hornat*
Alexander T. Hornat

ME1 39149085v.1