IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOLOGIK CAPITAL, LLC,<br>　　　　Plaintiff/Counterclaim-<br>　　　　Defendant,<br>　v.<br>IN FORCE TECHNOLOGY, LLC,<br>BRANDON-COPSYNC LLC,<br>AND BRANDON D. FLANAGAN,<br><br>　　　　Defendants/<br>　　　　Counterclaim-Plaintiffs. | Civil Action No. 18-cv-11168-GAO |

**PLAINTIFF'S OPPOSITION TO MOTION FOR LEAVE TO APPEAR *PRO HAC VICE*
FOR ADMISSION OF RONALD A. WOESSNER**

Plaintiff Kologik Capital, LLC ("Kologik") opposes and objects to the motion of Defendants Brandon-COPsync LLC ("BCS"), Brandon D. Flanagan ("Flanagan") and In Force Technology, LLC ("IFT," and with BCS and Flanagan "Defendants") for *pro hac vice* admission of Ronald A. Woessner. Dkt. 220. Mr. Woessner's representation of Defendants in this matter is inappropriate and should be denied at least because (1) Defendants failed to confer with Kologik on the motion pursuant to Local Rule 7.1(a)(2); (2) Mr. Woessner is a necessary fact witness; and (3) he has a clear conflict of interest.

As an initial matter, Mr. Woessner's *pro hac vice* application should be retroactively denied because Defendants failed to confer with Kologik on the motion pursuant to Local Rule 7.1(a)(2). *See Martinez v. Hubbard*, 172 F. Supp. 3d. 378, 383 (D. Mass. 2016) (Local Rule 7.1(a)(2) violation "alone would be reason enough to deny Martinez's motion"). Kologik was completely blindsided by the motion and was unable to raise the following substantive objections before the motion was granted by the Court. Proctor Decl. at ¶ 2; *see* Dkt. 221.

More importantly, Mr. Woessner's application should be denied because he is a necessary fact witness. *See* Mass. R. Prof. C. 3.7(a) ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.").

Kologik identified Mr. Woessner as a potential witness in its initial disclosures. Proctor Decl. Ex. 1 at 2. Mr. Woessner has knowledge of the development of the asserted intellectual property, the COPsync software, and the relationship between COPsync and the Defendants. *See, e.g.*, Dkt. 1-2 at Ex. 8 (Woessner's signature on the fourth and final amendment to the contract between BCS and COPsync, Inc.). Kologik has noticed the deposition of Mr. Woessner in this matter to explore this and other issues. Moreover, disqualification of Mr. Woessner would pose no substantial hardship on Defendants, as Woessner is only now—almost four years into this litigation—attempting to appear on their behalf. Defendants have other counsel of record in this matter.

Finally, the application should be denied because Woessner has clear conflicts of interest in representing Defendants against Kologik in this matter. Mr. Woessner was Chief Executive Officer of COPsync, Inc., the original owner of the Asserted Patents and Asserted Trademarks, whose assets Kologik acquired in 2017. *See, e.g.*, Proctor Decl. at Ex. 2 (complaint in *Brandon-COPsync, LLC v. COPsync, Inc., Ronald A. Woessner, et al.*, No. 1:15-cv-12334-FDS, ¶ 16 & Ex. B (D. Mass.), identifying Woessner as COPsync's CEO). Indeed, one of the Defendants in this case—BCS—*sued* Mr. Woessner for actions he took while CEO of COPsync, Inc.. *See id.* Finally, Woessner was reportedly fired by COPsync, Inc. "after revelation of possible bribery" relating to "an alleged private stock sale to officials in Robertson County, Texas . . . shortly

before they voted on a contract with the company." *See* Proctor Decl. at Ex. 3. In September 2017, Kologik acquired substantially all of the assets and rights of COPsync, Inc., including those asserted in this this matter. *See* Amended Complaint, Dkt. 38 at ¶ 19. Accordingly, Woessner's representation of Defendants, against Kologik, in relation to the rights acquired from COPsync, Inc., would violate, or cause undue danger of violating, the applicable Rules of Professional Conduct. *See, e.g.*, Mass. R. Prof. C. 1.9(a) ("A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in . . . a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."); Mass. R. Prof. C. 1.9(c) ("A lawyer who has formerly represented a client in a matter . . . shall not thereafter: (1) use confidential information relating to the representation to the disadvantage of the former client or for the lawyer's advantage or the advantage of a third person . . . ; or (2) reveal confidential information relating to the representation . . . ."); *see also* Tex. Disc. R. Prof. C. 1.09(a).

Because Defendants failed to confer with Kologik before filing the motion for *pro hac vice* admission, and because Defendants did not inform the Court that this motion is contested, the Court granted the Motion twenty minutes after it was filed, without an opportunity for Kologik to be heard. Dkts. 220, 221. Kologik contacted counsel for Defendants identifying the issues set forth in this opposition; Defendants failed to reply or take any remedial action. Proctor Decl. ¶ 6 & Ex. 4, Apr. 5, 2022 Email from W. Proctor.

In light of the foregoing, Kologik respectfully requests that Defendants' motion for *pro hac vice* admission of Ronald A. Woessner be retroactively denied.

Dated: April 6, 2022

Respectfully submitted,
KOLOGIK CAPITAL, LLC,

By its attorneys,

 */s/ Wyley S. Proctor*
Wyley S. Proctor (BBO # 666613)
wproctor@mccarter.com
Alexander T. Hornat (BBO # 687588)
ahornat@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
T: (617) 449-6500
F: (617) 607-9200

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system, on the above date, will be sent electronically to all attorneys of record as identified on the Notice of Electronic Filing (NEF).

/s/ *Alexander T. Hornat*
Alexander T. Hornat

4

ME1 40173236v.1