UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOLOGIK CAPITAL, LLC,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>    v.<br><br>IN FORCE TECHNOLOGY, LLC,<br>BRANDON-COPSYNC LLC, AND<br>BRANDON D. FLANAGAN,<br><br>    Defendants/Counterclaim-Plaintiffs. | Case No.: 1:18-cv-11168-GAO |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DEPOSITION OF RONALD WOESSNER**

Defendants In Force Technology, Inc. ("IFT"), Brandon-CopSync, LLC ("BCS") and Brandon Flanagan ("Flanagan") (collectively, "Defendants") hereby submit the following memorandum in support of their motion for a protective order precluding the deposition of Ronald Woessner pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c).

**I.     INTRODUCTION**

This long-running case has been pending since June 5, 2018.  (Dkt. 1.)  Fact discovery originally closed on September 13, 2021 (Dkt. 43-1, 172), but was reopened until April 15, 2022.  (Dkt. 213 at 24.)  Plaintiff is currently scheduled to take its first deposition on April 11, 2022.

On April 5, 2022, Defendants moved for leave to admit attorney Ronald Woessner ("Woessner") *pro hac vice*.  (Dkt. 220.)  The Court admitted Woessner *pro hac vice* that same day.  (Dkt. 221.)  Counsel for Plaintiff then emailed Defendants to object to Woessner's appearance, alleging that Woessner has a conflict of interest and is a potential witness.  (Dkt. 222-5.)  A half hour later, and presumably to support its witness argument, Plaintiff emailed Defendants a notice of deposition for Woessner, a resident of Dallas, Texas, to take place at the

1

office of McCarter & English in Boston, Massachusetts, approximately 1,750 miles from Dallas, and a mere seven days later on April 12, 2022 (the "Notice"). A copy of the Notice is attached as Exhibit A.

For the reasons below, Defendants respectfully request that the Court issue a protective order precluding Woessner's improperly noticed deposition. Woessner is not an officer, director, or managing agent of IFT in his part-time role and is therefore not subject to deposition by notice under FRCP 30(b)(1). And serving notice of deposition to support a misguided opposition to his *pro hac vice* admission constitutes undue burden, expense, and annoyance that cannot be proportional to the needs of the case.

## II.    LEGAL STANDARDS

Upon motion and for good cause shown, the Court may issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Such a protective order may direct, for example, that the disclosure or discovery not be had. *Id*. Furthermore, FRCP 26(b)(1) requires that any proposed discovery be "proportional to the needs of the case" and the Court must consider "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A party generally, with certain exceptions, may depose persons without leave of court. Fed. R. Civ. P. 30(a). "Though Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party." Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2107 (3d ed.). "A corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice." *Dubai Islamic Bank v. Citibank, N.A.*, No. 99 CIV. 1930, 2002 WL 1159699, at *2

(S.D.N.Y. May 31, 2002). "Such an employee is treated as any other non-party witness, and must be subpoenaed pursuant to Rule 45 of the Federal Rules of Civil Procedure." *Id*.

To determine whether someone is a "managing agent" of a party, courts consider whether that person is: "(1) a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters; (2) who could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer; and (3) who can be expected to identify himself with the interest of the corporation rather than with those of the other parties." *Angiodynamics, Inc. v. Biolitec AG*, 991 F. Supp. 2d 283, 295 (D. Mass. 2014) (internal quotation marks omitted).

### III.  ARGUMENT

#### A.  Woessner Is Not an Officer, Director, or Managing Agent Subject to Deposition by Notice

As a threshold matter, Woessner cannot be subject to deposition by notice under FRCP 30(b)(1) because he does not qualify as an officer, director, or managing agent of IFT.

Woessner is an attorney licensed to practice law in Texas and he currently resides in Dallas, Texas. (Decl. of Ronald Woessner ("Woessner Decl.") ¶¶ 1-2.)

In addition to his Texas law practice, Woessner joined IFT in January 2022 as a part-time employee. (Woessner Decl. ¶ 3.) In that role, Woessner is a strategic advisor to IFT's CEO, and in that capacity performs such tasks as the CEO may assign from time to time. (*Id*.) Woessner has not been appointed by the IFT Board of Directors as an officer and is not a member of the IFT Board of Directors. (*Id*. ¶ 4.)

Woessner does not have authority to bind IFT to any contractual obligations. (*Id*. ¶ 5.) As a part-time strategic advisor, Woessner's role is limited to providing opinions on corporate matters, which may be accepted or rejected at the CEO's discretion.

Woessner cannot be depended upon to carry out IFT's direction to give testimony at the demand of Plaintiff.  Woessner does not speak for IFT, nor can he act on behalf of IFT in any role beyond that of a strategic advisor to the CEO.  *See Dubai Islamic Bank*, 2002 WL 1159699, at *8 ("As stated, the test for managing agent does not turn on one's mere possession of relevant information.  Rather, the witness must possess authority to speak and act on behalf of the corporation.").

Finally, **Plaintiff** disputes that Woessner can be expected to identify with the interests of IFT rather than those of Kologik.  In opposition to Woessner's *pro hac vice* application, Plaintiff argues that "Woessner has clear conflicts of interest in representing Defendants against Kologik in this matter.  Mr. Woessner was Chief Executive Officer of COPsync, Inc., the original owner of the Asserted Patents and Trademarks, whose assets Kologik acquired in 2017." (Dkt. 222 at 2.)  Although Defendants shall dispute that this alleged conflict of interest as described by Plaintiff warrants disqualifying Woessner from representing Defendants in this case, Plaintiff's argument demonstrates that even Plaintiff does not believe Woessner qualifies as a managing agent for IFT.

Because Woessner is not an officer or director of IFT, and cannot reasonably be considered a managing agent, Woessner cannot be subject to deposition by notice and the Court should issue a protective order precluding Woessner's deposition.  *See, e.g.*, *Luther v. Kia Motors Am., Inc.*, No. CIV.A. 08-386, 2009 WL 1727909, at *3 (W.D. Pa. June 18, 2009) (holding that an employee was not a "managing agent" after reviewing the employee's job description because the employee was not in a position of superior authority invested with general powers to exercise judgment and discretion in dealing with her employer's affairs).

      **B.**      <u>The Expense and Undue Burden of Woessner Traveling from Texas to Massachusetts on a Week's Notice Is Not Proportional to the Needs of the Case</u>

Plaintiff's notice of deposition commands Woessner to appear at Plaintiff's Boston, Massachusetts location by 12PM ET on April 12, 2022. (Ex. A.) Having to fly from Dallas, Texas to Boston, Massachusetts on such short notice would impose significant disruption to Woessner's work schedule and cause undue and unnecessary expense. (*See* Woessner Decl. ¶ 7.) Further, nearly four years after this lawsuit was filed and with no communication from Plaintiff regarding a desire that Woessner be called as a witness and days before the close of fact discovery, Plaintiff suddenly springs to action and noticed Woessner's deposition the same day it became aware of Woessner's *pro hac vice* admission. This demonstrates that Woessner was only noticed for deposition to support Plaintiff's misguided objection to his admission *pro hac vice*. (*See* Dkt. 222 (Pl.'s Opp'n to Mot. for Leave to Appear *Pro Hac Vice* for Admission of Ronald A. Woessner) at 2 (noting that "Kologik has noticed the deposition of Mr. Woessner in this matter" to support argument that "Mr. Woessner's application should be denied because he is a necessary fact witness").) If Woessner is such a "necessary fact witness," why did Plaintiff wait until he appeared as counsel for Defendants to depose and years after filing this lawsuit? The answer is simple: He is not. As such, the undue expense, burden, and annoyance of Woessner flying to Boston for a last-minute deposition that would never have been noticed absent his admission *pro hac vice* cannot be proportional to the needs of the case.

**IV.**    **CONCLUSION**

For the foregoing reasons, Defendants ask the Court to grant this motion for a protective order to preclude Plaintiff from deposing Woessner.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 8, 2022 | IP ADVANCED LLC |

/s/ John E. Handy
John E. Handy (admitted *pro hac vice*)
8609 Westwood Center Drive, Suite 110
Tysons Corner, VA 22182
Tel:   (703) 853-1800
Fax:   (781) 365-9499
jhandy@ipadvanced.com

David A. Gerasimow (admitted *pro hac vice*)
The Law Offices of
    David A. Gerasimow, P.C.
211 W. Wacker Dr., Ste. 1717
Chicago, IL 60606
Tel: (312) 919-4254
dave@gerasimowlaw.com

Douglas F. Hartman, BBO# 642823
HARTMAN LAW, P.C.
10 Post Office Square
Suite 800 South
Boston, Massachusetts 02109
P:  617-807-0091
dhartman@hartmanlawpc.com

*Attorneys for Defendants*
*In Force Technology, Inc.,*
*Brandon-CopSync, LLC, and*
*Brandon Flanagan*