UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOLOGIK CAPITAL, LLC,<br><br>       Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>IN FORCE TECHNOLOGY, LLC,<br>BRANDON-COPSYNC LLC, AND<br>BRANDON D. FLANAGAN,<br><br>       Defendants/Counterclaim-Plaintiffs. | Case No.: 1:18-cv-11168-GAO |

## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER TO PRECLUDE DISCOVERY OF DEFENDANTS' INVESTORS

Defendants In Force Technology, Inc. ("IFT"), Brandon-CopSync, LLC ("BCS") and Brandon Flanagan ("Flanagan") (collectively, "Defendants") hereby move for a protective order to prohibit discovery on Defendants' investors pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c).

### I.  LEGAL STANDARDS

Upon motion and for good cause shown, the Court may issue a protective order "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). Furthermore, FRCP 26(b)(1) requires that any proposed discovery be "proportional to the needs of the case" and the Court must consider "whether the burden or expense of the proposed discovery outweighs its likely benefit.

### II.  ARGUMENT

During the currently pending and ongoing deposition of Mr. Donald Flanagan, Founder and Chairman of the Board for defendant IFT, Plaintiff's counsel asked questions relating to IFT's investors or shareholders. Mr. Flanagan objected to answering such questions due to strict

1

confidentiality obligations IFT owes to any such outside non-party investors. In Defendants' view, disclosing such confidential and highly sensitive investor information would breach contractual agreements that Defendants may have with such investors. Moreover, Plaintiff's counsel has indicated that it will seek similar discovery during Mr. Flanagan's deposition or others scheduled for this week relating to outside investors of the now defunct BCS entity.

Defendants have good cause for entry of a protective order prohibiting discovery on Defendants' outside investors. Disclosure during Mr. Flanagan's deposition and potentially others scheduled for the remainder of this week would force deponents to breach contractual obligations to any such third-party investors by disclosing their interest. And, the discovery sought is overly broad and not proportional to the needs of the case because it seeks the identity of persons and other legal entities that are irrelevant to the claims and defenses of either party. The identifies of any alleged outside investors of IFT or BCS has no bearing whatsoever on the merits. This information is highly sensitive, and therefore even with a protective order in place, good cause exists to preclude the disclosure of such outside investor information. To rule otherwise, could realistically damage Defendants' ability to attract such investments in the future and for no rational purpose to the claims or defenses of either party.

### III.    CONCLUSION

For the foregoing reasons, Defendants ask the Court to grant this motion for a protective order to preclude discovery of Defendants' non-party investors or shareholders.

          Respectfully submitted,

Dated:  April 19, 2022         IP ADVANCED LLC

/s/ John E. Handy
John E. Handy (admitted *pro hac vice*)
8609 Westwood Center Drive, Suite 110
Tysons Corner, VA 22182
Tel:   (703) 853-1800
Fax:   (781) 365-9499
jhandy@ipadvanced.com

David A. Gerasimow (admitted *pro hac vice*)
The Law Offices of
    David A. Gerasimow, P.C.
211 W. Wacker Dr., Ste. 1717
Chicago, IL 60606
Tel: (312) 919-4254
dave@gerasimowlaw.com

Douglas F. Hartman, BBO# 642823
HARTMAN LAW, P.C.
10 Post Office Square
Suite 800 South
Boston, Massachusetts 02109
P:  617-807-0091
dhartman@hartmanlawpc.com

*Attorneys for Defendants
In Force Technology, Inc.,
Brandon-CopSync, LLC, and
Brandon Flanagan*

## LOCAL RULE 7.1 CERTIFICATION

I, John E. Handy, counsel for Defendants, hereby certify that I have conferred with counsel for Plaintiff via phone on April 19, 2022, and the parties followed up with calls and left voice messages to Court chambers regarding this dispute.  After good faith attempts, the parties reached no agreement.

         /s/ *John E. Handy*
         John E. Handy (admitted *pro hac vice*)