UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **KOLOGIK CAPITAL, LLC,** ) | |
| ) | |
| Plaintiff/Counterclaim ) | |
| Defendant, ) | |
| ) | Civ. Action No. |
| v. ) | 18-CV-11168-GAO |
| ) | |
| **IN FORCE TECHNOLOGY, LLC,** ) | |
| **BRANDON-COPSYNC, LLC, AND** ) | |
| **BRANDON FLANAGAN,** ) | |
| ) | |
| Defendants/Counterclaim ) | |
| Plaintiffs. ) | |
| ) | |

## MEMORANDUM AND ORDER

**LEVENSON, U.S.M.J.**

### INTRODUCTION

Before the Court is Plaintiff Kologik Capital, LLC's ("Plaintiff") Motion to Take Third Deposition Pursuant to June 21, 2022 Order ("Motion for Deposition"). Docket No. 260. Plaintiff filed a memorandum in support of the motion. Docket No. 261. Plaintiff seeks to reopen the 30(b)(6) deposition of corporate defendant In Force Technology ("IFT"). Plaintiff contends that a prior Court order permits such a supplemental deposition. Defendants IFT, Brandon-Copsync, LLC, and Brandon Flanagan (together, "Defendants") have filed an opposition to the motion. Docket No. 265. Judge O'Toole referred the case to me to rule on pretrial proceedings. Docket No. 290.

At a February 16, 2023 status hearing, I instructed the parties to confer regarding the ongoing necessity of the motion. On March 2, 2023, the parties submitted a status report which

indicated that no agreement was reached and that the motion remains pending. Docket No. 298. For the reasons identified below, I grant in part Plaintiff's Motion for Deposition.

**I.   Background**

On April 13, 2022, Magistrate Judge Bowler, previously assigned to this case, granted a joint motion to extend fact discovery to April 22, 2022. Docket Nos. 229-230. The joint motion also indicated that the planned deposition of one witness, Domonic McDougall, could not occur prior the close of fact discovery. *Id.* The joint motion stated that the "parties will work together in good faith to find an alternative deposition date or other arrangements with respect to Mr. McDougall's testimony." *Id.*

On May 11, 2022, Judge Bowler issued an order granting in part a motion to compel discovery (Docket No. 215) and ordered Defendants to produce certain documents. Docket No. 244. Defendants thereafter made a large production, which Plaintiff described as containing "over 12,500 pages of documents and native files, as well as never-before produced source code and software." Docket No. 252, at 1.

After receiving the additional documents, Plaintiff filed a motion for relief, in which Plaintiff requested that,

> (1) [ ] Defendants waive any objections to Kologik's use of Defendants' documents or things produced for the first time after the close of fact discovery on the grounds of authenticity or business record status under Fed. R. Evid. 803(6); (2) [ ] Defendants are prohibited from using their late-produced documents and things in support of their claims and defenses; (3) monetary sanctions in the form of attorneys' fees and costs incurred by Kologik in repeatedly seeking the production of documents, source code, and software during fact discovery; and (4) the case schedule extended by a week to allow Kologik to review Defendants' substantial post-fact discovery document production.

Docket No. 252, at 1-2.

Judge Bowler held a hearing on the motion for relief. Docket No. 258.

On June 21, 2022, Judge Bowler issued an order on the motion for relief ("June 21

Case 1:18-cv-11168-GAO   Document 299   Filed 03/13/23   Page 3 of 6

Order"). Docket No. 259. In the June 21 Order, Judge Bowler noted that, at oral argument, "[P]laintiff stressed that due to [D]efendants' belated production after the close of fact discovery [P]laintiff could not depose several of [D]efendants' witnesses regarding the recently produced documents." *Id.* Judge Bowler also noted that "it was unclear to this court how many of the documents in [D]efendants' latest production had not been previously produced (in any iteration or version)." *Id.*

In the June 21 Order, Judge Bowler allowed the requested schedule extension, denied the request for monetary sanctions, and reserved for the district judge any ruling on Plaintiff's "second request for waiver of evidentiary objections." *Id.* Notably, Judge Bowler also permitted Plaintiff to "take three depositions, the subject matter of which shall be limited to the documents [D]efendants produced on May 25, 2022." *Id.*

In July 2022, Plaintiff noticed the depositions of Donald Flanagan, Brandon Flanagan – both personally and as IFT's 30(b)(6) corporate representative – and McDougall. The 30(b)(6) deposition notice identified only a single topic: "The documents produced by Defendants on May 25, 2022, including the subject matter and contents thereof." Docket No. 261, at 3.

Defendants have refused to go forward with the supplemental 30(b)(6) deposition.

## II. The Parties' Positions

Plaintiff argues that the McDougall deposition was anticipated and agreed upon by the parties – as outlined in the joint motion – prior to, and therefore separate from, the three depositions identified in the June 21 Order. Plaintiff also states, without further argument, that the proposed 30(b)(6) topic was "consistent" with the order.

Defendants argue that the letter of the June 21 Order permitted three depositions, not four. On this basis, Defendants contend that Plaintiff should not be permitted a supplemental

3

30(b)(6) deposition.  Defendants note that McDougall had been available for remote deposition in April 2022, but that Plaintiff had cancelled the deposition due to technical difficulties.

Defendants also argue that the Plaintiff's two-day notice of the topic prior to the deposition date was "unduly burdensome" and that the 30(b)(6) topic was overly broad.  In particular, Defendants object that Plaintiff's 30(b)(6) topic encompassed the "subject matter and contents" of a large production, in its entirety.  *See* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party . . . must describe with reasonable particularity the matters for examination.").

### III.   Analysis

I take Judge Bowler's June 21 Order as a starting point.  That order allowed Plaintiff to take additional depositions, with the subject matter of those depositions limited to the late-production documents.  The goal is to bring the late-production documents into the fold of fact discovery, using a typical discovery tool – authentication by deposition.  That goal guides my decision, not whether the McDougall deposition "counts" toward a numerical limit on depositions.

There is some merit in each of the parties' positions.

There is value in a supplemental 30(b)(6) deposition of IFT for the purpose of confirming the authenticity of the late-production documents and allowing an inquiry into practices surrounding business records.  And Plaintiff is entitled to inquire into the reasons why the documents were not produced in the regular course of discovery.

To the extent that Plaintiff seeks to inquire about the substance or contents of the late-production documents, however, the notice of deposition did not provide adequate information about the 30(b)(6) topics for inquiry.  A 30(b)(6) notice must "describe with reasonable particularity the matters for examination" and must give at least two-weeks' notice to the

30(b)(6) representative.

In the circumstances of this case, it is important to bear in mind that any reopening of the 30(b)(6) deposition of IFT does not allow another bite at the apple as to documents that had already been produced prior to May 25, 2022.

## CONCLUSION

For the reasons set forth above, I **GRANT** in part the Motion to Take Third Deposition Pursuant to June 21, 2022 Order (Docket No. 260).[1]

Plaintiff is permitted to notice a deposition to a (30)(b)(6) representative of Defendant IFT, as described in the June 21 Order.

The deposition notice may identify the following topics as a matter of course:

- Authentication of the May 25, 2022 production;
- Inquiry into corporate practices that implicate the business records exception; and
- Inquiry into reasons that the May 25, 2022 production was not produced prior to Plaintiff's motion to compel.

Plaintiff may identify additional 30(b)(6) topics, subject to the following conditions:

- The 30(b)(6) representative must be given at least two-weeks' notice;
- The identification of topics must satisfy the particularity requirement of Rule 30(b)(6); and

---

[1] The parties are advised that under Rule 72(a) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party seeking review by a district judge of these determination(s) and order(s) must serve and file any objections within fourteen (14) days of being served a copy of this order, unless a different time is prescribed by the magistrate judge or the district judge. *See* Fed. R. Civ. P. 72(a). Such objections must specifically designate the order, or part, to be modified or set aside and the basis for objection. The district judge will set aside any portion of the magistrate judge's order that is found to be clearly erroneous or contrary to law. The parties are further advised that failing to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964-65 (1st Cir. 1997).

- Topics must be limited to subjects arising from documents contained <u>only</u> in the May 25, 2022 production.

March 13, 2023

SO ORDERED,

/s/ Paul G. Levenson
PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE