UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KOLOGIK CAPITAL, LLC,<br><br>*Plaintiff/Counterclaim-Defendant*,<br><br>v.<br>IN FORCE TECHNOLOGY, LLC,<br>BRANDON-COPSYNC LLC, and<br>BRANDON D. FLANAGAN,<br><br>*Defendants/Counterclaim-Plaintiffs*. | No. 18-cv-11168-GAO |

## **REPORT AND RECOMMENDATION**

LEVENSON, U.S.M.J.

Defendants In Force Technology, LLC, Brandon-Copsync, LLC, and Brandon D. Flanagan (together, "Defendants") have moved for dismissal of all claims asserted by Plaintiff Kologik Capital, LLC ("Kologik"), with prejudice. Docket No. 373. Judge O'Toole has referred this long-running matter to me for report and recommendation on dispositive motions. Docket No. 290.

I previously issued a report and recommendation on cross-motions for partial summary judgment, which disposed of the patent-related claims in this case but did not dispose of other claims and counterclaims. *See* Docket No. 350. Around that time, counsel for both parties withdrew from the case. On January 22, 2024, I entered an order for the parties to show cause to establish whether the various entities in this matter were represented by counsel. *See* Docket No. 361. Defendants obtained counsel within the requisite time; Plaintiff did not. On April 1, 2024, I

held a status conference and sent notice by mail and email to Plaintiff as well as Plaintiff's previous counsel—Plaintiff did not appear.

As discussed at the conference, Defendants have filed the instant motion to dismiss Plaintiff's remaining claims. Defendants' motion states that Defendants will file a motion to dismiss their remaining counterclaims once the "appeal period" has elapsed. Docket No. 373, ¶ 5. The term "appeal period," in this instance, refers to the 14 day period for a party to object to a report and recommendation issued by a magistrate judge. *See* Fed. R. Civ. P. 72(b)(2).

Because Plaintiff is a limited liability company, Plaintiff may not appear *pro se*, and a court will not recognize the appearance of such an entity unless it is represented, as reflected by the appearance of at least one attorney. *See* L.R. 83.5.5(c); *see also VFC Partners 26, LLC v. Cadlerocks Centennial Drive, LLC*, No. CV 10-12019-NMG, 2015 WL 4572236, at *1 (D. Mass. July 29, 2015). Failure to retain successor counsel may therefore result in dismissal of Plaintiff's remaining claims. *See Hasbro, Inc. v. Serafino*, 966 F. Supp. 108, 110 (D. Mass. 1997). Having provided ample notice and time to comply, and no counsel having appeared to represent Plaintiff, it is appropriate at this time to dismiss Plaintiff's remaining claims for want of prosecution.

CONCLUSION

I recommend that the Court GRANT Defendants' motion to dismiss [Docket No. 373] and dismiss Plaintiff's remaining claims with prejudice.[1]

Dated: April 15, 2024

/s/ Paul G. Levenson
Paul G. Levenson
U.S. MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).